IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY B.  JACKSON a/k/a GREGORY
JACKSON,

                                          10cv0518

           Plaintiff(s),                     **ELECTRONICALLY FILED**

       v.

KIMBERLY EASTON of W.P.X.I/N.B.C.,
CITY OF PITTSBURGH EMPLOYEES,
ALLEGHENY COUNTY EMPLOYEES,
STATE OF PENNSYLVANIA EMPLOYEES,

           Defendant(s).

### Memorandum Order Dismissing Amended Complaint and Closing Case

On April 23, 2010, this Court received a Motion for Leave to Proceed In Forma Pauperis

(IFP) by plaintiff, with a copy of plaintiff's complaint.  (Doc. No. 1).  Because the Court was

unable to discern the legal and factual nature of plaintiff's claims, on May 3, 2010, the Court

issued an order deferring ruling on the Motion for IFP status, but afforded *pro se* plaintiff until

June 3, 2010, to file an amended complaint.

Given the documented history of plaintiff's prior improper contacts with the United

States Court of Appeals for the Fifth Circuit, on May 10, 2010, the Court issued an Order setting

forth that "plaintiff shall not communicate with the Court, or its staff, by telephone, email, fax or,

in person, except by written motion as outlined above."  (Doc. No. 2).  The Court stated that

failure to obey this Court may result in a finding of contempt of Court and/or imposition of

sanctions.  (Doc. No. 2).

On May 19, 2010, the Court, through the Clerk's Office, has received a written letter

from plaintiff addressed to Clerk of Court, Robert Barth, and this Court, (dated May 10, 2010,

but discussing aspects of discussions which occurred on May 12, 2010). The Court has docketed

said submission as a letter motion at doc. no. 5. Also, on May 19, 2010, plaintiff has further filed

an amended complaint (doc. no. 3), and a "motion for a hearing to address an unfair, impartial

and prejudicial court order." (Doc. No. 4).

While the motion at doc. no. 4 is titled as one seeking a hearing to determine IFP status,

the text of the motion itself appears to take exception to the Court's order prohibiting

communications with this Court, except by written motion. Plaintiff seeks a hearing on the basis

that "the decision for this order was made by this court based on false document devoid a fair and

impartial opportunity for the plaintiff." Plaintiff's motion for a hearing (doc. no. 4) and his letter

motion (regarding alleged "clerk misconduct needs redress before its criminal, if it's not

already") (doc. no. 5) are DENIED.[1]

Also pending before this Court is plaintiff's *pro se* amended complaint. (Doc. No. 3).

Plaintiff again attempts to rely on the original complaint, which the Court provided him an

opportunity to amend. From what the Court can surmise, plaintiff appears to be attempting to

state a civil rights violation for his unlawful arrest, and his inability to attend certain competency

hearings because of his commitment at Mayview state hospital.

Plaintiff further avers that there were "numerous malicious due process violated capital

punishments executions have been carried out, particularly the 2.5 executions per month in Texas

alone since 2002. This has resulted from clerks being allowed to get away with looking for

---

[1]The Court notes that contrary to the arguments of plaintiff, the May 10, 2010 Order does not specify the manner in which plaintiff's written motions may be presented, either by hand delivery, or by mail, only that all communications must be by written motion to be filed on CM/ECF.

whatever real or deluded abuses to refuse filing my writs or petitioning as if they were adversed [sic] attorneys to have them dismissed, until it has escalated into clerks counterfeiting deliberate deficient petitions they submitted to judges forged in my name without my consent nor knowledge that intended and succeeded to have the issued dismissed." (Doc. No. 3).

In his amended complaint, plaintiff further states that "this criminal misconduct by clerks will certainly culminate into a horrifying major scandal of public corruption and criminal liability. Clerks of this this [sic] U.S. Western District, Pittsburgh division have already played their hand in obstructing justice, aiding, abetting an accommodating terrorism to never cease for years that is being committed with a radiological bio-chemical weapon of mass destruction."

Title 28 United States Code Section 1915A obligates the Court to review an IFP prisoner's complaint as soon as practicable after docketing, and to dismiss the action if at any time it appears, *inter alia*, that the action is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915A(b)(1). Additionally, 28 U.S.C. § 1915 (e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal--
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28

U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)[2]) was clarified by the Supreme Court in

*Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based

on an indisputably meritless legal theory" and when it posits "factual contentions [that] are

clearly baseless." *Id.* at 327.

Where a complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it

may be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25 (1992). If the *pro se* plaintiff

can cure the factual allegations in order to state a claim, the Court should give him or her leave to

do so. *Id.* at 35. However, if repleading cannot cure the deficiencies, the court may dismiss

without leave to amend, *id.*, and even dismiss with prejudice. *See Cato v. United States*, 70

F.3d 1103, 1106 (9th Cir.1995).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Plaintiff's allegations, in both his original and amended

complaint, fall within the fanciful and/or delusional categories. While the allegations may be

legitimate to plaintiff, they are so outlandish that a reasonable person would find them fanciful

and wholly without any factual basis.[3] The Court has already provided plaintiff with an

opportunity to amend his complaint, which he has done. No amount of repleading could save

these allegations from being frivolous. Accordingly,

---

[2]Although much of the language in the current in forma pauperis statute, 28 U.S.C. § 1915 and § 1915A, deals with prisoners, section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 (M.D.PA. 1997).

[3]Plaintiff's original complaint includes allegations that mind altering and behavior enhancing drugs were placed in inmate and patient food by the Allegheny County Jail, and the Mayview State Hospital, thus provoking violent behavior problems. (Doc. No. 1-1).

Plaintiff's amended complaint is **HEREBY DISMISSED** with prejudice.  Plaintiff's

Motion for Leave to Proceed In Forma Pauperis (doc. no. 1) is **DENIED AS MOOT.**  The Clerk

of Court shall mark this case closed.

SO ORDERED this 25th day of May, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All Registered ECF Counsel and Parties

Gregory B. Jackson
1214 Pennsylvania Avenue
Pittsburgh, PA 15233
412-321-8486
PRO SE PLAINTIFF